**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

NOEL AGOHA,

Petitioner,

v. Case No. 2:25-cv-00309

CHRISTOPHER MASON,

Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF Nos. 1, 4, & 14] and his Letter-Form Motion for Appointment of Counsel [ECF No. 15]. By Standing Order, this matter is referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the Court, it is hereby **ORDERED** that the referral of this matter to the Magistrate Judge is **WITHDRAWN,** and I will proceed to address the matter.

**I. Factual Background and Petitioner's Claim for Relief.**

In February of 2024, Petitioner, a Nigerian citizen living in the United States as a lawful permanent resident (on a "green card"), was sentenced by the United States District Court for the District of Maryland to serve 40 months in federal prison following his conviction on one count of Conspiracy to Commit Wire Fraud Affecting

a Financial Institution. [ECF No. 1 at 1]. On March 7, 2024, Petitioner completed that sentence and was taken into the custody of the United States Immigration and Customs Enforcement ("ICE") on "green card violation charges." [*Id.*] He was transferred to the Moshannon Valley Processing Center ("MVPC") in Pennsylvania. [*Id.*] During that time, he had preliminary immigration hearings and requested release on bond or parole, which was refused. [*Id.*]

On or about November 25, 2024, following an individualized immigration hearing before an Immigration Judge, Petitioner was found to be removable from the United States and was ordered removed to his homeland in Nigeria. [*Id.*] Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"). Although that appeal was pending when Petitioner filed the instant petition, this court takes judicial notice of the fact that, on October 3, 2025, the BIA subsequently affirmed the removal decision, rendering it administratively final. Thereafter, Petitioner appealed his removal order to the United States Court of Appeals for the Third Circuit, contesting his removability and asserting that his return to Nigeria would be life-threatening. *See Agoha v. Atty. Gen.*, No. 25-3111 (3d Cir. Oct. 30, 2025). The Third Circuit temporarily stayed Petitioner's order of removal, but on February 17, 2026, it lifted the stay, although his BIA appeal remains pending before that Court. [Case No. 25-3111, Doc. Nos. 14-2 & 25].

As relevant here, on January 28, 2025, Petitioner was transferred, apparently without explanation, from MVPC to the South Central Regional Jail ("SCRJ"), a penal institution in Charleston, West Virginia, where he was still being held in ICE custody.

On April 1, 2025, prior to his removal order becoming final, Petitioner filed the instant petition challenging his continued detention, which he twice amended. [ECF Nos. 4 & 14]. His amended petition asserts that he had been in ICE custody for over 17 months without any custody review or alternative to detention, while his immigration proceedings were being delayed. [ECF No. 14 at 1]. On November 8, 2025, Petitioner was transferred back to MVPC and is no longer in custody within this district.

A review of the federal court's PACER docketing system further indicates that, on December 27, 2025, Petitioner filed another § 2241 habeas corpus petition challenging his ICE detention in the United States District Court for the Western District of Pennsylvania. *See Agoha v. Oddo, et al.*, No. 3:25-cv-00553, ECF No. 1 (W.D. Pa. Dec. 27, 2025). On April 17, 2026, the Pennsylvania district court denied Petitioner's second § 2241 petition as premature on the basis that detention under 8 U.S.C. § 1231(a), the statute applicable to post-final removal order detention, is presumptively reasonable for six months, and Petitioner had only been detained thereunder for about two months. *Id.*, ECF No. 22 at 3-4.

According to the filings in the Pennsylvania case, on or about March 19, 2026, Petitioner was taken to Washington/Dulles International Airport to be removed to Nigeria on a commercial flight, but he refused to board the plane and was returned to a detention facility. According to the Pennsylvania district court's docket sheet, his last known address (as of April 21, 2026) was the Adams County Correctional Center in Natchez. Mississippi. *Id.*, ECF No. 24. On March 27, 2026, Petitioner filed a

petition with the BIA to reopen his removal proceedings and stay his removal to consider new evidence and a claim under the Convention Against Torture. *Id.*, ECF No. 22 at 2 n.1. The petition to reopen was denied by the BIA on May 21, 2026 and Petitioner has also appealed that decision to the Third Circuit. *See Agoha v. Att, Gen.*, No. 26-26-2412, Doc. 2 (3d Cir. June 4, 2026). His appeals have been consolidated for decision. *Id.*

**II. Discussion**

The jurisdiction of federal courts is limited to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the challenged custody, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007). Such is the case here.

Prior to February 17, 2026, when the Third Circuit lifted the temporary stay of his final order of removal, Petitioner was detained pursuant to 8 U.S.C. § 1226(c). *See Quezada v. Hendricks*, 821 F. Supp.2d 702, 705 (D.N.J. 2011) ("8 U.S.C. § 1226 governs the pre-removal-period detention of an alien."). Except in very limited circumstances, not present here, § 1226(c) mandates detention during ongoing

removal proceedings for prisoners convicted of certain enumerated offenses, for which Petitioner's conviction allegedly qualifies. *Id.* ("Section 1226(c) sets certain parameters for pre-removal-period detention, including when detention is mandatory (such as in the case of criminal aliens) and when a bond hearing must be held"); *see also Camara v. Lowe*, No. 3:26-cv-00220, 2026 WL 1231216, at *3 (M.D. Pa. May 5, 2026) ("Section 1226(c) . . . carves out a statutory category of aliens who may *not* be released under § 1226(a).")

However, once the BIA decision rendered his removal order administratively final, his detention became subject to 8 U.S.C. § 1231(a), a different standard. *See Quezada*, *supra*, 821 F. Supp.2d at 705-06. As noted by the Supreme Court, "detention under § 1226(c) has 'a definite termination point': the conclusion of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018). By that time, Petitioner was no longer in custody in this district, and he had filed a subsequent habeas petition in the Western District of Pennsylvania, which rendered a decision concerning the reviewability of his detention under § 1231(a). *See Agoha v. Oddo*, No. 3:25-cv-0553, ECF No. 22 (W.D. Pa. Apr. 17, 2026) (detention under § 1231(a) commenced upon lifting of stay of final order of removal). Any further consideration of Petitioner's detention under § 1231(a) would only be appropriate in the district where he is now in custody, pursuant to a new petition.

Because the petition filed in this district challenged Petitioner's pre-final order detention under § 1226(c), the change in procedural posture upon his order of removal becoming administratively final rendered the petition he filed here in the Southern

District of West Virginia moot. *See, e.g., Ufele v. Holder*, 3 F. App'x 144, 146 (3d Cir. 2012) (holding that habeas challenge to pre-final order of detention was rendered moot when individual shifted to post-final order detention status); *Rodney v. Mukasey*, 340 F. App'x 761, 764-65 (3d Cir. 2009) (finding that change in procedural posture from pre-final order to post-final order detention mooted challenge to pre-final order detention because "[t]he injury alleged, unreasonably long pre-final order of removal detention under 8 U.S.C. § 1226(c), can no longer be redressed by favorable decision."); *Oluwaseun v. Mayorkas*, No. 3:24-cv-00176-G (BT), 2024 WL 4508593, at *4 (N.D. Tex. Sept. 25, 2024), *report and recommendation adopted*, 2024 WL 4508568 (N.D. Tex. Oct. 16, 2024), *reconsideration denied sub nom. Shomefun v. Mayorkas*, 2025 WL 1697499 (N.D. Tex. June 17, 2025) (finding Petitioner's challenge to his confinement under § 1226 is moot because "after the pre-removal period concludes, the statutory authority to detain an alien shifts to 8 U.S.C. § 1231."). Moreover, it does not appear, beyond speculation, that Petitioner could meet an exception to mootness. *See Quezada*, *supra,* 821 F. Supp.2d at 707-08 (dismissing case as moot "[b]ecause Quezada is no longer detained under § 1226(c), and his case does not satisfy the 'capable of repetition yet evading review' exception to mootness.")

## III. Conclusion

For the reasons stated herein, it is hereby **ORDERED** that Petitioner's amended petition [ECF Nos. 1, 4, & 14] is **DENIED AS MOOT** and his Letter-Form Motion for Appointment of Counsel [ECF No. 15] is **DENIED WITHOUT PREJUDICE**. The court has additionally considered whether to grant a certificate of

appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The court **DIRECTS** the Clerk to mail a copy of this Memorandum Opinion and Order to Petitioner at his last known address (and to update his contact information on the docket sheet) as follows: Noel Agoha, A210166377, Adams County Correctional Center, 20 Hobo Fork Rd., Natchez, MS 39120.

ENTER: August 18, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE